[Crim. No. 4301.   Second Dist., Div. One.   May 10, 1949.]

THE PEOPLE, Respondent, v. EDWARD CAHILL, Appellant.

Morris Lavine for Appellant.

Fred N. Howser, Attorney General, and James A. Doherty, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was charged by information with the offense of forgery and tried by the court; a jury was duly waived.

As recited in appellant's brief: ''The case involves a check that was given to a man in a beer place and apparently bore the indorsement of the appellant. The check was made out in the name of a woman who was in the hospital and who had from time to time advanced money to the appellant. Appellant denied that he had written the check or that he had any intent to defraud. He said that another man had gotten the check from Mrs. Iler upon his request to her for a loan of a couple hundred dollars, and that this man had brought the check to him and that he had indorsed and had given it back to the man.'' The check purporting to have been signed by Adah L. Iler was for $200, payable to defendant Cahill.

The evidence reveals that Mrs. Iler and defendant had been friends for years; that defendant also was a friend of Mrs. Iler's husband. On August 30, the defendant and one

Nelson approached Charles W. Brock who was sitting at a bar near the Farmers Market and presented the check in question seeking his assistance in getting it cashed. Nelson said to Brock, "This is a good friend of mine, will you get me some money because I can't cash it here." Brock took the check and said, "I will O.K. it and stand back of it . . . Go across the street and cash it. Take it to the Farmers Market. Mrs. Barber will cash it." Mrs. Barber cashed the check. Defendant and Nelson spent the remainder of the day and night drinking.

It is defendant's story that Nelson supposedly obtained the check from Mrs. Iler; that defendant sent Nelson to Mrs. Iler with a note requesting a loan of $200 and that Nelson returned with the check; defendant believed it genuine and indorsed it. Defendant also testified:

"Q. And you were in San Quentin for some time, were you not? A. Yes.

"Q. You wrote to Mrs. Iler from San Quentin asking for money, did you not? A. I did.

"Q. How much did you ask for? A. $100.00.

"Q. Did you get it? A. I did.

"Q. When you asked Mr. Nelson to go to Mrs. Iler did you believe that she would loan you the money? A. I did; otherwise I would have never sent Mr. Nelson.

"Q. When he returned did you believe that was the check of Mrs. Iler? A. I did.

"Q. Then did you cash that check yourself? A. I did not.

"Q. Who cashed the check? A. Mr. Nelson cashed the check. . . ."

All of the evidence refutes defendant's fantastic explanation.

Appellant contends on appeal that the evidence is insufficient to support the judgment; that prejudicial error resulted from the court's rulings on the admission and exclusion of evidence.

It is sufficient to note that the record totally fails to support appellant's contentions. The appeal is without merit.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 9, 1949. Schauer, J., voted for a hearing.